**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER-MICHAEL WILLIAMS, | : | Case No. 1:25-cv-861 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| HAMILTON COUNTY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

___

**ORDER AND REPORT AND RECOMMENDATION**

___

Plaintiff, an inmate at the Chillicothe Correctional Institution, in Chillicothe, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983 and Ohio state law against defendants Hamilton County, Ohio, Hamilton County Clerk of Courts Pavan Parikh, and two unidentified Hamilton County Clerk's Office Deputies for alleged violations of his rights in connection with the initiation of a lawsuit in the Hamilton County Court of Common Pleas. (Doc. 5). By separate order, the Court has granted plaintiff leave to proceed *in forma pauperis*. (Doc. 1).

On March 6, 2026, the undersigned recommended that this action be dismissed at the screening stage. (Doc. 6). Specifically, the undersigned determined that plaintiff failed to state a cognizable claim against Hamilton County, found the individual Clerk of Court employees are entitled to absolute quasi-judicial immunity and sovereign immunity, and declined to exercise supplemental jurisdiction over plaintiff's state-law claims. (*Id.* at 4-8).

Plaintiff has now filed a "motion for leave to amend complaint" and amended complaint, along with objections to the Report and Recommendation. (Docs. 7, 7-1, 8). Under Rule 15(a)(1)(B) of the

Federal Rules of Civil Procedure, a plaintiff may amend a complaint "once as a matter of course" within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Because no answer or Rule 12 motion has yet to be filed, plaintiff was entitled to amend his complaint once as a matter of course without leave of court. Even though plaintiff could amend as a matter of course, the Court **GRANTS** the motion (Doc. 7) and will screen the amended complaint (Doc. 7-1).

## I.      Screening of Complaint

This matter is now before the Court for a *sua sponte* review of the amended complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

The amended complaint names the same defendants and raises the same claims as the original complaint. (*Compare* Doc. 5, *with* Doc. 7-1). The pleadings are nearly identical, with only slight alterations made to several paragraphs. (*Compare* Doc. 5 ¶¶ 10, 12, 26, 41, 45 *with* Doc. 7-1 ¶¶ 10, 12, 26, 41, 45). These changes in the amended complaint do not alter the undersigned's opinion that plaintiff fails to state a colorable claim against any of the defendants. Thus, for the reasons stated in the March 6, 2026, Report and Recommendation, plaintiff's amended complaint should be dismissed without prejudice at the screening stage.

As noted in the pending Report and Recommendation, plaintiff fails to state a claim upon which relief can be granted against Hamilton County because his allegations that Hamilton County had a policy or custom that caused him harm were insufficient. (*See* Doc. 6 at 7 citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). In addition, the individual Clerk of Court employees are entitled to absolute quasi-judicial immunity from plaintiff's claims as staff members of the Hamilton County Clerk of Courts' Office, which is charged with filing pleadings. (*Id.* at 5-7

citing *Johnson v. Armstrong*, No. 04-3023, 2005 WL 2110074, at *3 (W.D. Tenn. Sept. 12, 2005)). And to the extent plaintiff sued the Clerk of Court employees in their official capacities, the complaint was subject to dismissal under sovereign immunity. (*Id.* at 7 citing *Williams v. Parikh*, No. 24-3059, 2024 WL 5355086, at *2 (6th Cir. Sept. 4, 2024)). Finally, the undersigned recommended the Court decline exercising supplemental jurisdiction over plaintiff's state-law claims. (*Id.* at 8).

Accordingly, the amended complaint (Doc. 7-1) should be **DISMISSED without prejudice** for the same reasons set forth in the pending Report and Recommendation (Doc. 6).

## II. Conclusion

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to amend (Doc. 7) is **GRANTED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's amended complaint (Doc. 7-1) be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for the same reasons listed in the pending Report and Recommendation (Doc. 6).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

### PROCEDURE ON OBJECTIONS

Under Fed. R. Civ. P. 72(b) any party may serve and file specific, written objections to this Report & Recommendation (R&R) within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied

by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  3/25/2026

KAREN L. LITKOVITZ
United States Magistrate Judge