**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER-MICHAEL
WILLIAMS,

       Plaintiff,               Case No. 1:25-cv-861

     v.                     **JUDGE DOUGLAS R. COLE**
                              **Magistrate Judge Litkovitz**

HAMILTON COUNTY, et al.,

       Defendants.

## OPINION AND ORDER

Using her authority under 28 U.S.C. § 1915(e), Magistrate Judge Litkovitz screened Plaintiff Christopher-Michael Williams' Complaint (Doc. 5) and issued a Report and Recommendation in which she recommends dismissal. (R&R, Doc. 6, #108). Specifically, the R&R concludes that Williams' federal claims are barred by quasi-judicial immunity and sovereign immunity, or in any event, fail to state a claim. (*Id.* at #104–08). Then, based on that finding as to the federal claims, the R&R recommends the Court decline to exercise supplemental jurisdiction over the remaining state-law claims. (*Id.* at #108). Williams objected, (Doc. 8), and also moved to amend his Complaint, (Doc. 7). The Magistrate Judge granted the motion to amend but then issued a supplemental R&R still recommending dismissal of the Amended Complaint, consistent with the reasoning in the original R&R. (Doc. 9, #159). Williams filed a Motion of Erratum (Doc. 12) and Corrected Objections (Doc. 13) following the Supplemental R&R, in which he sought to correct minor mistakes in his original objections. The Magistrate Judge granted the motion to correct. (Doc. 14).

For the reasons stated below, the Court **OVERRULES** Williams' Objections (Doc. 8) and **ADOPTS** the original and supplemental R&Rs (Docs. 6, 9). Thus, the Court **DISMISSES** Williams' federal claims **WITH PREJUDICE,** and his state-law claims **WITHOUT PREJUDICE.**

## BACKGROUND

Williams is a state prisoner currently confined at Chillicothe Correctional Institution. (Compl., Doc. 5, #68). While imprisoned, Williams twice tried to sue the Ohio Department of Job and Family Services and Ohio Child Support Enforcement Agency "due to multiple violations of not correcting the accounting ledger for past payments made by him." (*Id.* at #71–72, 80). First, on September 30, 2022, Williams mailed a complaint to the Hamilton County Clerk's Office via certified mail. (*Id.* at #71). But he claims that while someone at the Clerk's office signed the return receipt for the certified mail, they actually discarded his complaint instead of filing it. (*Id.*). After not hearing from the court, two of Williams' family members called the Clerk's office, and someone there informed them that they did not have Williams' complaint. (*Id.*). So that Clerk's office employee recommended he refile it. (*Id.* at #71–72). On January 18, 2023, Williams attempted to do so, again via certified mail. (*Id.* at #72). But he alleges that, once again, someone signed the return receipt but failed to file his action. (*Id.*).

Based on these two failed attempts to file his action there, Williams decided to sue Hamilton County, the Hamilton County Clerk of Courts (Pavan Parikh), and two unnamed Clerk's office employees in the instant case. (Doc. 5, #67). To that end, on

2

November 18, 2025, he requested leave to proceed in forma pauperis, (Doc. 1), which Magistrate Judge Litkovitz granted, (Doc. 4). Thus, Williams' Complaint was docketed on March 6, 2026. (Doc. 5).

While Williams' Complaint makes clear *who* Williams is suing, it does not fare as well in terms of describing the actual causes of action. The Complaint includes two different sets of claims. (*See id.* at #73–77 (first set), 82–86 (second set)). In the first set, Williams seems to assert (1) a failure-to-train claim against Hamilton County; (2) a failure-to-train claim against Parikh; (3) a violation of Williams' right to access court records under the Ohio Constitution, against the two unknown deputy clerks; (4) a violation of his First Amendment right to access the courts, once more as against the unknown deputy clerks; and (5) a violation of his 14th Amendment equal protection rights, also against the unknown deputy clerks. (*Id.* at #73–77). The second set of claims are clearer. They somewhat overlap with the first set, except they are all asserted against all Defendants: (1) a First Amendment violation for denial of access to the courts; (2) a 42 U.S.C. § 1983 claim for substantive and procedural due process violations, again related to the alleged denial of court access; and (3) a § 1983 civil conspiracy claim. (*Id.* at #82–86).[1] On top of that, Williams discusses a number of Ohio statutes, although it is unclear if he intends these as distinct claims. (*Id.* at #75–80).

---

[1] While Williams does not raise all of his constitutional claims as § 1983 claims, they are properly construed as such because the Supreme Court has not recognized implied causes of action against state officials under the Constitution for those rights. *See Egbert v. Boule*, 596 U.S. 482, 490–91 (2022).

Also worth noting, this was not Williams' first attempt to sue the Clerk's Office over this matter. Rather, Williams had filed an almost identical case in this Court a year and a half earlier. *Williams v. Parikh*, 708 F. Supp. 3d 1345 (S.D. Ohio 2023). The undersigned handled that case. *Id.* at 1349–50. There, Williams alleged that he "twice attempted to file a lawsuit in the Hamilton County Court of Common Pleas but succeeded neither time." *Id.* at 1350. And he asserted "three categories of claims: claims against 'All Clerk Staff of the Hamilton County Court,' claims against Parikh in his individual capacity, and claims against Parikh in his official capacity." *Id.* at 1352. As for the causes of action, he claimed that his First Amendment rights and Fifth Amendment due process rights were violated. *Id.* at 1350.

This Court determined that his claims against the Clerk's Office (and Parikh in his official capacity, which is another way of saying the same thing) were barred by sovereign immunity, as the Hamilton County Clerk's Office, name notwithstanding, is a *state* entity. *Id.* at 1353–56. And this Court further found that his claims against Parikh in his individual capacity should be dismissed both because (1) Williams failed to adequately allege Parikh individually was liable, and (2) because Parikh is entitled to absolute quasi-judicial immunity. *Id.* at 1357. Based on those determinations, the Court dismissed Williams' claims without prejudice. *Id.* at 1365. The only exception was Williams' Fifth Amendment due process claim, which the Court dismissed with prejudice because that amendment applies only to the federal government, not the states. *Id.* Williams appealed, and the Sixth Circuit affirmed the dismissal on immunity grounds. *Williams v. Parikh*, No. 24-3059, 2024

WL 5355086, at *3 (6th Cir. Sep. 4, 2024). But in doing so, it noted that, unlike this Court, it only understood Williams to be advancing official-capacity claims in that suit. *Id.* at *2 n.2.

That brings us back to the present case. When the Magistrate Judge screened Williams' current Complaint under § 1915(e)(2), she began with a res judicata analysis. (Doc. 6, #104–06). The Magistrate Judge, noting that the previous case was limited to claims against Parikh in his official capacity, found that to the extent that Williams currently sues Parikh in his individual capacity, res judicata does not bar the new claims. (*Id.* at #105–06 (citing *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003))). Moreover, regardless of the specific claims, the R&R concluded that res judicata did not preclude the current suit because the Court dismissed (and the Sixth Circuit affirmed the dismissal of) the previous case without prejudice, except for the Fifth Amendment claim, which Williams does not raise here. (*Id.* at #106 (citations omitted)).

But, while the Magistrate Judge determined that res judicata would not prevent the action from moving forward, the R&R nonetheless recommends that the Court dismiss William's Complaint. (*Id.*). That is so for multiple reasons. First, Parikh, as well as the deputy clerks, are entitled to quasi-judicial immunity in their individual capacities. (*Id.* at #106–07). Second, to the extent Williams sues the unknown deputy clerks in their official capacities, those claims are essentially against the Clerk's Office itself. (*Id.* at #107). Because the Clerk's Office is protected by Eleventh Amendment sovereign immunity, these claims should also be dismissed.

(*Id.*). Third, Williams' claims against Hamilton County must be dismissed for failure to state a claim. (*Id.* at #107–08). As to the latter, the Magistrate Judge explains that in order to adequately plead a claim against the county, Williams must allege that the county had a policy or custom that caused the clerk's failure to file his lawsuit. (*Id.* at #107). But the R&R finds that Williams only made conclusory allegations at most on that front, so he failed to plausible allege a failure-to-train claim. (*Id.* at #107–08). Last, as to any remaining state-law claims, the R&R concludes that the Court should decline to exercise supplemental jurisdiction because all of the federal claims should be dismissed. (*Id.* at #108).

At bottom, the Magistrate Judge recommends that the Court (1) dismiss Williams' federal claims with prejudice; (2) decline to exercise supplemental jurisdiction over Williams' state-law claims, and so dismiss those without prejudice, and (3) certify that an appeal of any Order adopting the R&R would not be taken in good faith. (*Id.* at #108).

The R&R further explains that Williams had fourteen days to object. (*Id.* at #108–09). He did so in a timely fashion. (Doc. 8). In his objections, Williams argues that "court personnel do not maintain absolute judicial immunity." (*Id.* at #148). He further attempts to distinguish his case from the Sixth Circuit's decision in *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994). (*Id.* at #149–51). Unlike in *Rauch*, Williams argues that the clerk was not acting under the direct order of a judge. (*Id.* at #151). Instead, he maintains that his case is more akin to *Antoine v. Byers & Anderson*, 508 U.S. 429 (1989), where the Supreme Court found that a court reporter was not

6

protected by quasi-judicial immunity. (*Id.*). Overall, Williams argues that quasi-judicial immunity should not bar his claims. He does not mention his failure-to-train claims, sovereign immunity, nor does he address the state-law claims. Alongside his objections, Williams also moves to amend his Complaint to supposedly address the R&R's concerns. (Doc. 7).

In response to those objections, Magistrate Judge Litkovitz issued a Supplemental R&R. (Doc. 9). There, she granted Williams' Motion to Amend (Doc. 7), particularly given he was still entitled to amend his Complaint once as a matter of course under Federal Rule of Civil Procedure 15(a). (Doc. 9, #157–58). The Amended Complaint, however, made "only slight alterations [] to several paragraphs." (*Id.* at #158). Accordingly, the Supplemental R&R still recommends dismissal of Williams' claims for the same reasons explained in the original R&R. (*Id.* at #159).

Again, the Supplemental R&R informed Williams that he had fourteen days in which to object. (*Id.* at #159–60). While Williams filed a Motion of Erratum following the Supplemental R&R, he merely requested to address errors in his certificate of service for the motion to amend as well as to supply a missing case from his previous objections. (Doc. 12, #209). Then, Williams filed his "Corrected Objection to Magistrates Report and Recommendation" (Doc. 13), incorporating those minor adjustments. So the Supplemental R&R is unobjected.

With that, the matter is ripe for the Court's review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Williams is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). But, notably, "[t]he liberal treatment of pro se pleadings does not require

8

lenient treatment of substantive law." *Johnson v. Stewart,* No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel,* No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

The Magistrate Judge recommends that the Court (1) dismiss Williams' federal claims with prejudice, (2) decline to exercise supplemental jurisdiction over Williams' state-law claims, and (3) certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. (Doc. 6, #108).

While the exact scope of Williams' objections is unclear, he generally argues that clerks are not immune because quasi-judicial immunity does not apply to them. (*See generally* Doc. 8). Williams does not, however, seem to object to the R&R's conclusions that he failed to state a claim against Hamilton County or that the deputy clerks should be immune in their official capacities. He also fails to address the Court's supplemental jurisdiction over the state-law claims. So the Court will review de novo whether the clerks are entitled to immunity in their individual capacities, but it will only review the other conclusions for clear error. As to all of them, though, the Court agrees with the R&R.

9

## A.      Res Judicata Does Not Apply.

Before reaching Williams' objections, though, the Court briefly pauses to address res judicata. At first glance, this case might seem a prime candidate for applying that doctrine. After all, res judicata is a legal doctrine under which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). And here, not only has this Court already addressed Williams' previous case involving the same facts and many of the same immunity questions, but the Sixth Circuit affirmed that decision. *Williams*, 2024 WL 5355086, at *3.

Importantly, though, this Court dismissed most of the claims in the previous action without prejudice. *Williams*, 708 F. Supp. 3d at 1365. The only exception was Williams' Fifth Amendment Due Process claim, *id.*, which Williams does not raise again here. And a dismissal without prejudice is not a judgment on the merits to which res judicata attaches. *See Wallace v. United States*, 81 F.3d 162, 1996 WL 132172, at *1 (6th Cir. Mar. 21, 1996) (Table) (citation omitted) ("As the district court dismissed [Plaintiff's claim] without prejudice in the first suit, res judicata does not bar [Plaintiff] from raising those claims in his present suit."). So the R&R is correct that res judicata does not preclude Williams' claims.[2]

---

[2] While a dismissal without prejudice generally does not constitute a final judgment on the merits for res judicata purposes, when that dismissal is on immunity grounds, it can nonetheless have a preclusive effect on a plaintiff's ability to refile the same action in federal court. *See N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 433 (11th Cir. 1993) (citations omitted) ("Although the dismissal of a complaint for lack of jurisdiction

10

**B.** **Williams Fails to State a Claim for Failure to Train the Clerks or a Custom of Tolerance for Constitutional Violations.**

But while res judicata does not torpedo his claims, other problems do. Start with his claim that Hamilton County and Parikh failed to adequately train the court clerks to avoid constitutional violations and that there was a custom of ignoring mail by inmates. (Doc. 5, #73–75). The Magistrate Judge did not clearly err when she concluded that Williams failed to adequately plead this claim. (Doc. 6, #107–08). "Allegations assuming that unlawful behavior must be the result of an entity's failure to train or its policies or procedures are plainly insufficient." *Koren v. Neil*, No. 1:21-cv-9, 2022 WL 974340, at *10 (S.D. Ohio Mar. 31, 2022) (cleaned up). As the R&R says, Williams offers only conclusory allegations that merely assume that the alleged failure to file his complaints resulted from a policy or custom. (Doc. 6, #107–08). Those assumptions are not enough.

That said, there is one small wrinkle. The R&R focuses solely on this claim as against Hamilton County. But Williams also alleges that "Defendant No. 2 [Parikh], *in his individual capacity* under color of law failed to properly train deputies." (Doc. 5, #74 (emphasis added)). That claim does not run against Hamilton County (as an

---

does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims."). This Court has explained its understanding of the contours of that doctrine elsewhere. *See Saqr v. Filak*, No. 1:20-cv-32, 2021 WL 6051964, at *5–7 (S.D. Ohio Dec. 21, 2021). And that doctrine may have applicability here. But because Williams sues a variety of people and entities in a variety of capacities in each action, with some overlap, but not entirely, the Court declines to rely on that preclusive effect and instead elects to review the applicable immunity doctrines (although admittedly informed by the Sixth Circuit's earlier ruling on those immunity issues in the previous Williams case). In the end, the Court finds that a similar immunity analysis applies to the claims here, so the Court dismisses Williams' claims.

official capacity claim against Parikh would), but rather against Parikh himself. That said, the Court finds that the same defect—conclusory allegations that receive no weight—also means that the individual capacity failure-to-train claim falls short.

**C.** **Parikh and the Unknown Deputy Clerks Are Entitled to Absolute Quasi-Judicial Immunity in their Individual Capacities.**

The Court next addresses the individual-capacity claims that Williams asserts against both Parikh and the unknown deputy clerks. As noted, the R&R recommends dismissal on immunity grounds, and Williams has objected. So the Court reviews this issue de novo.

As the Court stated previously, "court officers enjoy absolute immunity from suit on claims arising out of the performance of … quasi-judicial functions." *Williams*, 708 F. Supp. 3d at 1357–58 (quoting *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)). If the court officer can be "considered an arm of the judicial officer" because they perform "tasks so integral or intertwined with the judicial process," then the officer is protected by quasi-judicial immunity. *Id.* at 1358 (citations omitted). And "it is clear that Parikh is entitled to absolute quasi-judicial immunity because the heart of this claim relates to filing (or, more accurately, failing to file) a civil cause in court— an intrinsically judicial act integral to the adjudicatory process." *Id.* (citing *Wojnicz v. Davis*, 80 F. App'x 382, 383–84 (6th Cir. 2003)).

In the previous case, though, the Court acknowledged several nuances to its conclusion. For example, it noted contradictory caselaw about whether a plaintiff can request prospective equitable relief to overcome the judicial immunity hurdle. *Id.* at 1359–63. The Court further recognized "tension" between the Sixth Circuit's standard

12

for quasi-judicial immunity in *Rauch* and the Supreme Court's decision in *Antoine*. *Id.* at 1364; *see Rauch*, 38 F.3d at 847; *Antoine*, 508 U.S. at 435–37.

Williams' objections here seek to build on that tension. He argues that *Rauch* does not apply in light of *Antoine*. (*See, e.g.*, Doc. 8, #151). Whatever the merits of that argument may be, though, the Sixth Circuit, upon review of the Court's earlier decision, cited *Rauch* and clearly held that "Parikh is entitled to quasi-judicial immunity, which applies to non-judicial officials 'performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Williams*, 2024 WL 5355086, at *3. Moreover, it stated that "[b]ecause Williams's allegations are based on actions that Parikh took while performing his quasi-judicial duties, Parikh is entitled to absolute quasi-judicial immunity." *Id.* That is, the Sixth Circuit has already decided that the conduct at issue here is subject to quasi-judicial immunity. And this Court is obligated to follow that holding—especially given that this case involves the same parties and the same conduct. If Williams believes that the Sixth Circuit erred in its immunity determination, his proper path was to challenge that decision in the Supreme Court, which he attempted to do. But the Supreme Court denied certiorari. *Williams v. Parikh*, 145 S.Ct. 2713 (2025) (Mem). That is the end of the road on that legal determination. So Parikh is entitled to quasi-judicial immunity. And to the extent that Williams sues unknown individual clerks who were involved in the same alleged failure to file his complaints, they are also entitled to the same quasi-judicial immunity for the same reasons.

13

**D.    The Unknown Clerks Are Also Entitled to Immunity in their Official Capacities.**

Williams specifies that he is suing Parikh in only his individual capacity, but the capacity in which he sues the other clerks is less clear. (*See* Doc. 5, #69–70). To the extent that Williams sues them in their official capacities, the Court agrees with the Magistrate Judge that sovereign immunity bars any such claims. In the earlier case, the Sixth Circuit addressed any official-capacity claims against the individual clerks. *Williams*, 2024 WL 5355086, at *2. There, the court stated that:

> [C]laims against clerks in their official capacity would be barred by sovereign immunity, just like claims against the office itself. Williams asserted claims against Parikh and his staff members in their official capacities as employees of the Hamilton County Clerk of Courts, and "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Thus, Williams's official-capacity claims for monetary damages are treated as claims against the Hamilton County Clerk of Courts, which is considered an arm of the state for purposes of § 1983 and sovereign immunity.

*Id.* (quoting first *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and then citing *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 330–31 (6th Cir. 2022)). That holding controls here.

**E.    The Court Declines to Exercise Supplemental Jurisdiction over the State-Law Claims.**

Finally, the Magistrate Judge recommended declining to exercise jurisdiction over any remaining state-law claims. (Doc. 6, #108). Williams does not address this conclusion in his objections, so the Court only reviews this recommendation for clear error.

The Magistrate Judge did not clearly err in recommending the Court decline to exercise supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court can

14

decline jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." That is what happened here—the Court dismissed all of Williams' federal claims. Given that this suit is just at the outset, meaning that the Court has not expended any judicial resources on the state-law claims, the Court declines to exercise jurisdiction over any potentially remaining state claims, and instead, dismisses them without prejudice.

### CONCLUSION

For the reasons discussed above, the Court **OVERRULES** Williams' Objections (Doc. 8) and **ADOPTS** the R&R and Supplemental R&R (Docs. 6, 9). Because this is the second time the Court has reviewed the federal claims and Williams still fails to overcome the immunity bar or adequately plead them, the Court **DISMISSES WITH PREJUDICE** Williams' federal claims. The Court has not reviewed the state-law claims, though, so it **DISMISSES WITHOUT PREJUDICE** any remaining state-law claims. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order would not be taken in good faith. With that, the Court **ORDERS** the Clerk to terminate this case.

**SO ORDERED.**

May 19, 2026
 **DATE**

        **DOUGLAS R. COLE**
        **UNITED STATES DISTRICT JUDGE**

15